## DOYLE MEEKS v. THE STATE.

### No. 15140.   Delivered May 4, 1932.

The opinion states the case.

*M. J. Baird,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of hogs is the offense; penalty assessed at confinement in the penitentiary for two years.

Nine hogs belonging to W. M. Draper were stolen at Quitaque in Briscoe county. They were taken to Amarillo and sold to a packing company. Before they were removed from Amarillo, Draper discovered and identified the hogs, and received pay for them from the packing company.

Everett Smith, an accomplice, testified for the state. He had entered a plea of guilty of theft of the hogs and had received a suspended sentence, apparently upon the promise of partial immunity. From Smith's testimony it appears that he, Meeks and Johnson had conspired to steal the hogs; that they took them from a pen and put them in a trailer which was attached to an automobile belonging to Smith; that after they were

taken to Amarillo, Smith sold the hogs to a packing company and received checks for them; that neither Meeks nor Johnson was present at the time of the sale and delivery of the hogs. On the days the hogs were discovered, Smith and Johnson were arrested upon one of the streets of Amarillo. Meeks was arrested in a rooming-house. Meeks introduced testimony supporting the theory of alibi.

For corroboration the state must rely upon the following evidence: At a filling station at the home of the appellant, about 100 miles from Amarillo, he and two other persons were seen in a Chevrolet automobile by the witness Wilcher. The witness was unable to identify the other persons in the car. Meeks, Johnson and Smith were also seen together at Smith's home in his Chevrolet automobile. The sheriff who made the arrest said that Johnson and Smith were together on the street in Amarillo; that an old Chevrolet automobile was located upon the street; that a man was fixing a flat tire. The sheriff did not know who owned the car, which at the time was parked about a half block from a rooming-house thought by the sheriff to be Moore's rooming-house. Apparently Meeks was with the sheriff at the time the latter claims to have seen the Chevrolet autmobile upon the street in Amarillo. Meeks said that "they had sent for this man to fix a flat." Of the man fixing the car Meeks said: "He has nothing to do with it. That is our car." The car was not otherwise identified as belonging to Smith. It was taken charge of by a loan company claiming a lien on the car.

The testimony of Smith identifying Doyle Meeks as having taken part in the theft of the hogs is not regarded as having support in other testimony such as would comply with the statute forbidding the conviction of one for crime upon the testimony of an accomplice unless the accomplice is corroborated by other evidence tending to connect the defendant with the offense committed as required by article 718, C. C. P., in which it is further stated that "the corroboration is not sufficient if it merely shows the commission of the offense."

In the present instance, that the offense was committed by Smith is shown by other testimony. According to Smith's testimony, one of the instruments used in committing the theft was the automobile belonging to Smith and in his possession. Meeks was seen in company with Smith and Johnson in the car of Smith at Quitaque, in Briscoe county, apparently 100 miles or more from Amarillo, where the stolen property was recovered. An old automobile of the same make as the car belonging to Smith was found in Amarillo after the theft. The trailer was never located. The car was not identified as Smith's car. The appellant was arrested in Amarillo, but he was not in company with either Smith or Johnson at the time of his arrest. He was seen at a filling station near his home in company with two other persons, who were not identified as either Smith or Johnson. On the facts before this court, we are constrained to con-

clude that the judgment should be reversed and the cause remanded, which is accordingly done.

*Reversed and remanded.*